TRULINCS 53767004 - PETERKINE, DARRYL L - Unit: COL-A-C

----------

FROM: 53767004
TO: Facilities
SUBJECT: ***Request to Staff*** PETERKINE, DARRYL, Reg# 53767004, COL-A-C
DATE: 08/06/2019 11:23:52 AM

To: Hon.Robin L. Ronseberg, US Dist. Judge SD Fla.
Inmate Work Assignment: )



FILED BY ___
AUG 13 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
FOR THE (WEST PALM BEACH) SOUTHERN DISTRICT OF FLORIDA

----------

UNITED STATES OF AMERICA,
　Respondent/Plaintiff,

VS.

DARRYL PETERKINE,
　Petitioner/Defendant.
_____/

Criminal Docket No. 9:15-cr-80005
Civil Docket (Habeas) No. _____

Honorable Robin L. Rosenberg, U.S. District Judge

## PETITION FOR A WRIT OF HABEAS CORPUS

COMES NOW, the Petitioner/Defendant DARRYL PETERKINE by and through himself moves to vacate his sentence and seeks a Writ of Habeas Corpus [28 USC 2255]. The basis for this sworn petition is that the predicate offense is longer a crime of violence and he says in support:

1). The Petitioner/Defendant (hereinafter "Petitioner") was charged with various forms of hobbs act robbery, including conspiracy to commit hobbs act in violation of 18 USC 1951(a).

2). A plea agreement was reached between the parties. Petitioner entered into a guilty plea and was convicted on conspiracy. He was sentenced to 188 months (15 years - 8 months). He did not appeal his criminal case to the Eleventh Circuit Court of Appeals.

### FACTUAL BACKGROUND OF CLAIM

3). The procedural posture of the Government leading up to, and throughout Petitioner's sentencing hearing never deviated from them asserting hobbs act conspiracy was a crime of violence. The plea agreement, presentence investigation report and sentencing transcripts identifies the government particularly defining the conspiracy conviction as a substantive element offense (robbery).

### JURISDICTION

4). This court has jurisdiction over this constitutional controversy under 28 USC 2255.

### CONSTITUTIONAL ALLEGATION(S)

5). As a factual matter, Petitioner pleaded guilty to hobbs act conspiracy (agreement between two or more persons), not to actually committing a substantive robbery offense.

6). Petitioner alleges his sentence was improperly premised upon the consideration of an unconstitutional statutory scheme found in 924(c)(3)(B) because we have the district court being advised by the government, that Petitioner's conspiracy conviction was a crime of violence and substantive robbery element offense.

7). Petitioner also alleges the Government knowingly and intentionally took advantage of the 924(c)(3)(B) statutory scheme because they were able to convert an otherwise non-violent element offense ("hobbs act conspiracy") and turn into a substantive element offense (crime of violence).

TRULINCS 53767004 - PETERKINE, DARRYL L - Unit: COL-A-C

---

FROM: 53767004
TO: Facilities
SUBJECT: ***Request to Staff*** PETERKINE, DARRYL, Reg# 53767004, COL-A-C
DATE: 08/07/2019 11:36:45 AM

To: Hon.Robin L. Rosenberg, US Dist. Judge SD Fla.
Inmate Work Assignment: )

8). Petitioner alleges the government unlawfully influenced the district court in an impermissible manner contrary to the constitution - These events transpired or took form in the fall of 2015, when the Government within the plea contract included a provision that a firearm was possessed* during the commission of the crime.

9). Prior to the plea agreement, the Government agreed with the Petitioner that his conduct was "only" conspiracy related (pleading to hobbs act conspiracy). As such, Petitioner did not agree to be held responsible for any substantive element offense that constituted a crime of violence.

10). Petitioner alleges the government acted in bad faith by purposefully preparing a contractual agreement that was illusory in nature, and its operative concept was to incorporate certain violent obligations within the 924(c) statute, that were not established upon any valid principles of law.

11). Petitioner incorporates paragraph(s) 1-through-11 herein and proposes that said constitutional controversies include:

DOES MR.PETERKINE PSR UNCONSTITUTIONALLY ATTRIBUTE HOBBS ACT CONSPIRACY CONVICTION TO CONSTITUTE A CRIME OF VIOLENCE UNDER THE RESIDUAL CLAUSE - IF SO, IS MR.PETERKINE ENTITLED TO AN PSR ADDENDUM CLARIFYING THIS ASPECT OF THE RECORD, THAT MR.PETERKINE CONSPIRACY CONVICTION IS NOT A CRIME OF VIOLENCE?

Defendant would answer - "YES."

MR.PETERKINE PLEADED GUILTY TO HOBBS ACT CONSPIRACY - IF MR.PETERKINE'S CONSPIRACY CONVICTION IS NOT A CRIME OF VIOLENCE FOR PURPOSES OF THE FORCE AND ELEMENT CLAUSE - IS MR.PETERKINE ENTITLED TO RESENTENCING DUE TO THE GOVERNMENTS IMPERMISSIBLE INFLUENCES BEFORE THE DISTRICT COURT THAT CONSPIRACY WAS A CRIME OF VIOLENCE; - RENDER MR.PETERKINE SENTENCE PROCEDURALLY AND SUBSTANTIVELY UNCONSTITUTIONALLY UNREASONABLE?

Defendant would answer - "YES."

12). Petitioner has always correctly stated he was not convicted of a hobbs act robbery, he was convicted of a hobbs act conspiracy.

13). Recently, the Supreme Court held in Davis v. United States, 139 S.Ct. 2319 (2019) that 18 USC 924(c)(3)(B) the residual clause of 924(c) is unconstitutional and struck it down. Justice Gorsuch writing for the majority stated..."in our constitutional order, a vague law is no law at all..."

---

*The plea agreement page 6 - paragraph 10(b) a firearm was possessed during the commission of the crime (Reference PSR dated December 10, 2015, paragraph 7(b).

See also, United States v. Cornette, (No. 18-6041) (11th Cir. Decided July 30, 2019)-(appellate plea waiver no-longer valid,... the Court reasoned that "since the plea agreement was premised upon the now voided 924(c) statute ....could no longer stand because it was never any law from the start citing Davis v. United States, 139 S.Ct. 2319 (2019)); In Re: Wissam Hammoud, (No. 19-12458-G)(11th Cir. Decided July 23, 2019)-(11th Circuit granted 2255 successive application and reasoned that .."the U.S. Supreme Court decision in Davis v. United States, 139 S.Ct. 2319 (2019) is retroactive).

**United States v. O'Connor, 874 F.3d 1174 (10th Cir. 2017)-(10th Circuit reasoned that hobbs act robbery did not constitute a crime of violence under the United States Sentencing Guidelines).

TRULINCS 53767004 - PETERKINE, DARRYL L - Unit: COL-A-C

---

FROM: 53767004
TO: Facilities
SUBJECT: ***Request to Staff*** PETERKINE, DARRYL, Reg# 53767004, COL-A-C
DATE: 08/07/2019 01:37:57 PM

To: Hon.Robin L. Rosenberg, US Dist. Judge SD Fla.
Inmate Work Assignment: )

14). Petitioner alleges the plea agreement between the parties rested upon impermissible legal and factual conclusions, that cannot survive constitutional review after the U.S. Supreme Court decision in Davis v. United States, supra.

15). Petitioner alleges the Government relied upon the conspiracy conviction to constitute a crime of violence under the residual clause - as it existed in 2015 and 2016.

16). As a factual matter, Petitioner's offense - hobbs act conspiracy does not categorically qualify as a crime of violence under the element based categorical approach. This is so because to convict Petitioner of this offense, the Government had to prove in 2015 & 2016 - that the Petitioner agreed with another to commit actions that, if realized, would violate the hobbs act. However, such an agreement does not invariably require the actual, attempted or threatened use of physical force.

17). Petitioner alleges his current sentence was premised in-large-part upon an unconstitutional statutory scheme found in 924(c)(3)(B).

18). At Petitioner's sentencing hearing in January 15, 2016, his conspiracy conviction constituted a crime of violence under 924(c). Also, the Government advocated this position before the District Court - leading up to, and during Petitioner's sentencing hearing.

19). Petitioner maintains the District Court was presented with the impermissible evidence - that conspiracy constituted a crime of violence based on the Government's legal position. Furthermore, Petitioner alleges he was unfairly prejudiced in a variety of ways, including how this information was disseminated before the Court and with-in the presentence investigation report.

20). Petitioner incorporates paragraph 1-through-20 herein by reference, and alleges each paragraph operates independently to form the constitutional nexus that sets-forth the necessary controversy to establish habeas relief.

## RELIEF REQUESTED

WHEREFORE, the Petitioner DARRYL PETERKINE asks the Court to allow this 2255 to be granted, furthermore Petitioner has made a requisite showing his sentence is both procedurally and substantively unreasonable because it was premised upon the unconstitutional consideration of a vague law 924(c)(3)(B) that was no law at all Davis v. United States, supra.

In addition, Petitioner request the appointment of counsel-(Federal Public Defender's Office).**

Dated: 8-7-19                    By:/s/Darryl Peterkine- *Darryl Peterkine*

## AFFIDAVIT

I HEREBY CERTIFY that the above stated matters in the Petition For Writ of Habeas Corpus are true and correct to the best of my information, knowledge and belief.

Dated: 8-7-19                    By:/s/Darryl Peterkine- *Darryl Peterkine*

---

**It needs to be noted that Petitioner ("Darryl Peterkine") did not prepare these pleadings, a fellow prisoner provided the necessary assistance to formulate these claims, however that prisoner is no longer able to help Petitioner because he has been released from prison.

Mr. Darryl Peterkine #53767-004
Federal Correctional Complex
FCI Coleman Low A-3
P.O. Box 1031
Coleman, Florida 33521

Honorable Robin L Rosenberg, U S District
United States District Court
Southern District of Florida
400 North Miami Avenue
Miami, Florida 33128-7716



Tampa/St Petra Fl 336
THU 08 AUG 2019 PM

Back